# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:15-cv-02371-JMC-2 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Lynda Sentell Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motion to Compel (ECF No. 15), to which Defendant filed a Response in Opposition (ECF No. 16). Plaintiff also filed a Reply to Response (ECF No. 24).

Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1] Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Nevertheless, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

---

[1] Factors a court should consider to determine such proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P 26(b)(1).

1

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff asserts that the type of information it seeks in Interrogatory Numbers 7,[2] 8,[3] and 9[4] is "highly relevant" to the claims asserted in the Complaint. It explains:

> Defendant's conduct with regard to her assets and liabilities and her behavior during his time invested with Wilson and AB&C, as well as her conduct after Wilson was arrested is relevant to whether Defendant would have been on notice of the possibility of fraudulent conduct. Defendant's handling of other investments and management of other assets goes to the breadth and scope of Stevenson's understanding with regard to Wilson's scheme.

(ECF No. 15 at 2.) In its Response, Defendant disagrees, primarily contending that discovery pertaining to Lynda's assets are irrelevant to claims in this case. (*See* ECF No. 3 at 3–6.) Defendant further discusses concerns about her privacy in encouraging this court to use its discretion to deny Plaintiff's Motion to Dismiss. (*See id.* at 3–5.)

Indeed, broad discretion is afforded a district court's decision to grant or deny a motion to compel. *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988). Exercising that

---

[2] "Identify for the past five (5) years, and with specificity, all assets (owned, in whole or in part by Defendant), including, but not limited to, real property, personal property, bank or other financial accounts, investment accounts, automobiles, life insurance policies, stocks and bonds, offshore assets, and annuities." (ECF No. 15-1 at 2.)

[3] "For each asset, state with particularity if any amount of money is owed or lien outstanding, and the name of the credit holder (i.e. bank, mortgage lender) for each asset." (ECF No. 15-1 at 2.)

[4] "Identify any and all assets owned or acquired within the last five (5) years with money received from Ronnie Gene Wilson ("Wilson") and/or Atlantic Bullion & Coin, Inc. ("AB&C") whether by payout or otherwise, including any asset that was purchased outright with Wilson/AB&C funds or the value of which was enhanced or equity increased by Wilson/AB&C funds." (ECF No. 15-1 at 2.)

discretion here, this court finds reasonable Plaintiff's explanations of how the information sought in Interrogatory Numbers 7, 8, and 9 are relevant to Plaintiff's claims asserted in her Complaint. (*See* ECF No. 21 at 2.)  In its Complaint, Plaintiff alleges that Defendant "had notice of circumstances which would arouse the suspicion of an ordinarily prudent man and cause him to make inquiry as to the purpose for which [financial] transfer(s) were being made." (Compl. ¶ 44.) The rationale Plaintiff provides for its discovery requests, cited *supra*, sufficiently underscores the relevance of the information requested to this specific allegation.

For these reasons, this court **GRANTS** Plaintiff's Motion to Compel (ECF No. 15). Defendant is further ordered to respond to Plaintiff's discovery requests addressed in its Motion to Compel (ECF No. 15) no later than January 8, 2015.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

December 8, 2015
Columbia, South Carolina